FILED
SUPERIOR COURT
OF GUAM

2023 MAR 17 PM 2:20

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** ) | **Criminal Case No. CF0720-16** |
| ) | GPD Report No. 16-33753 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DECISION AND ORDER** |
| ) | **GRANTING REVOCATION OF** |
| **CASSIDY JADE NAKAMURA,** ) | **PROBATION** |
| DOB: 04/20/1991 ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 3, 2023 for a Revocation Hearing in the above-captioned case related to Cassidy Jade Nakamura's ("Defendant's") failure to abide by his probationary terms. Defendant is represented by Alternate Public Defender Ana Maria Gayle. The People of Guam are represented by Assistant Attorney General Renaida San Nicolas. Having duly considered the Parties' arguments and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On February 18, 2019, Defendant pled guilty to Theft (as a 3rd Degree Felony), *as a lesser-included offense to* Theft of an Automobile (as a 2nd Degree Felony). See Judgment of Conviction (Mar. 8, 2019). A Judgment was entered imposing the following relevant conditions of probation:

- Report to the Adult Probation Office for intake and processing within forty-eight (48) hours of release from the Department of Corrections.

- Pay restitution in the amount of six thousand one hundred dollars ($6,100.00) to Wise Owl Animal Hospital.
- Pay a two hundred fifty dollar ($250.00) fine and eighty dollar ($80.00) court costs.
- Complete two hundred (200) hours of community service.
- Report to the Adult Probation Office and attend any required alcohol or drug treatment programs.
- Report to the Adult Probation Office once a month, in person.

Id.

Defendant almost immediately began violating conditions of his probation, when he failed to report to the Adult Probation Office for his initial intake and processing. See First Violation Report (Feb. 27, 2019).

Defendant continued to violate the terms of his probation over the next several years. A Second Violation Report was filed stating that Defendant hadn't made any payments towards his restitution, fine, or court costs. See Second Violation Report (Jan. 12, 2021). Furthermore, Defendant had failed to start his community service and he wasn't attending his Guam Behavioral Health and Wellness Center ("GBHWC") New Beginnings treatment program. Id.

A Third Violation Report was filed stating that Defendant was continuing to skip his GBHWC New Beginnings treatment program. See Third Violation Report (Feb. 10, 2021). The Report also indicated Defendant failed to make any additional progress on his fines, restitution, or community service. Id.

A Fourth Violation Report was filed stating that Defendant failed to report to the Adult Probation Office for several months, failed attend his GBHWC New Beginnings treatment program, failed to make any payments towards his fine, court costs, or restitution, and failed to complete any community service hours. See Fourth Violation Report (Apr. 26, 2021).

A Fifth Violation Report was filed stating that Defendant had gone almost half a year without reporting to the Adult Probation Office, and during that time, Defendant made no progress

on paying off his fine, court costs, or restitution. See Fifth Violation Report (Jul. 26, 2021). The Report also indicated that Defendant still hadn't attend his GBHWC New Beginnings treatment program, nor did he complete any community service. Id.

A Sixth Violation Report was filed stating that Defendant still hadn't made payments towards his fine, court costs, or restitution. See Sixth Violation Report (Jan. 5, 2022). The Report also indicated that Defendant failed to attend his GBHWC New Beginnings treatment program, failed to complete his community service, and failed to report to the Adult Probation Office as required. Id.

Defendant followed this up by failing to attend his Further Proceedings court date on January 7, 2022, despite being summonsed. See Minute Entry (Jan. 7, 2022). A bench warrant was subsequently issued for Defendant's arrest. Id.

The Court held a Revocation Hearing on March 3, 2023, upon the People's Motion to Revoke Defendant's Probation. The Court then took the matter under advisement. See Minute Entry (Mar. 3, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to attend his GBHWC New Beginnings treatment program, failing to pay off fines, court costs, or restitution, failing to complete community service, and failing to attend his court hearings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated several Violation Reports, showing a continuous and ongoing disregard towards following his

probationary terms. These violations started almost immediately after Defendant's plea deal, as Defendant failed to report to the Probation Office even for his initial intake and assessment.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Cassidy Jade Nakamura's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to five (5) years incarceration at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this ___March 17, 2023___.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**